IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALLEN MYERS,<br><br>    Plaintiff,<br><br> v.<br><br>CHESTER DURDA,<br><br><br><br>    Defendant. | Case No. 2:10-cv-122 DN<br><br>**MEMORANDUM DECISION & ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>District Judge David Nuffer |

Plaintiff Myers has filed a motion for partial summary judgment[1] on his claims of breach of contract, conversion, and fraud. He alleges that he loaned Defendant Durda $200,000, and that Durda failed to repay the loan as agreed. In opposition, Durda asserts that that when their business arrangements did not work out as planned, he and Myers orally agreed to pursue other ventures and that Myers would be paid back as business allowed, without establishing specific terms of repayment.[2]

### STANDARD FOR SUMMARY JUDGMENT

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] In applying this standard, the Court must "view the evidence and draw all reasonable inferences

---

[1] Motion for Partial Summary Judgment, docket no. 17, filed May 16, 2011.

[2] Affidavit of Chester Durda ¶¶ 12-13, 18-19, docket no. 20, filed June 21, 2011.

[3] Fed. R. Civ. P. 56(a).

therefrom in the light most favorable to the party opposing summary judgment."[4]  However, "the nonmoving party must present more than a scintilla of evidence in favor of his position."[5]  A dispute is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[6]

## ORDER

Genuine issues of material fact exist on all three of Myers's claims in this case.  Accordingly, the motion for partial summary judgment[7] is **DENIED**.

Dated this 7th day of November, 2012.

BY THE COURT:

_____
David Nuffer
U.S. District Judge

---

[4] *Mathews v. Denver Newspaper Agency LLP*, 649 F.3d 1199, 1204 (10th Cir. 2011) (internal quotations omitted).

[5] *Ford v. Pryor*, 552 F.3d 1174, 1178 (10th Cir. 2008).

[6] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kerber v. Qwest Group Life Ins. Plan*, 647 F.3d 950, 959 (10th Cir. 2011).

[7] Docket no. 17, filed May 16, 2011.